# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**UNITED STATES OF AMERICA**                                       **PLAINTIFF**

**v.**                          **Case No. 2:24-cr-00018-KGB**

**PERCY JACKSON**                                              **DEFENDANT**

## ORDER

On December 8, 2025, the Court conducted a final pretrial conference with counsel for the United States, defendant Percy Jackson, and counsel for Jackson was present. The Court made the following rulings and addressed the following matters:

1. The Court will inform the jury to expect that trial will take three days. The Court reviewed with counsel and Jackson an anticipated schedule for trial, with the understanding that the schedule may be modified as the need arises during the course of trial based on juror schedules and counsels' schedules, requests for recesses, and other matters.

2. The Court will seat a 12-person jury with two alternates. Jackson will be permitted 10 preemptory strikes to the 12-person panel and one strike to the alternate-panel. The government will be permitted six preemptory strikes to the 12-person panel and one strike to the alternate-panel.

3. The Court's practice is to instruct before closing and to send an agreed-upon, admitted set of exhibits and one set of instructions to the jury room during deliberation.

4. The Court admonishes the parties to ensure that questions for witnesses are tailored and specific. The Court will not tolerate broad, vague questions that will only confuse the jury.

5. The Court distributed a proposed summary of the Indictment that is acceptable to counsel for the government and Jackson.

6. At this time, Jackson will waive his right to be present at any bench conferences that might occur given that he has been provided with the ability to review real time transcription of those conferences, but he may communicate clearly to the Court a desire to attend a bench conference before it commences if he opts to exercise his right to be present at a bench conference.

7. The parties agreed that all plea offers made by the government were conveyed to Jackson.

8. The Court will advise the jury that, from time to time, counsel and assistants may need to move in and out of the courtroom and that the jury should draw no negative conclusion from that.

9. Counsel for the government and Jackson have stipulated to certain matters, which stipulations were discussed at the pretrial conference. Counsel are in agreement as to how these stipulations will be presented to the jury during trial.

10. Federal Rule of Evidence 615(a) and (b) have been invoked by counsel for the government and the Court.

11. The government provided notice pursuant to Federal Rule of Evidence 609 regarding Jackson's prior convictions (Dkt. No. 36). To the extent the notice requires a ruling from the Court, the Court grants the government's motion and will follow Federal Rule of Evidence 609.

12. The government also provided notice of intent to present evidence pursuant to Federal Rule of Evidence 404(b) as to Jackson (Dkt. No. 38). Specifically, the government intends to present evidence of a prior conviction for two counts of felon in possession of a firearm in Case No. 2:09-cr-20185; especially aggravated robbery in Case No. 04-05306; aggravated robbery in Case No. 05-01812; two counts of aggravated robbery in Case No. 05-01813; aggravated robbery

in Case No. 05-01814; and aggravated robbery in Case No. 05-01815 (*Id.*, at 2).  Jackson filed a response in opposition to the admission of the Rule 404(b) evidence (Dkt. No. 45).

As to the prior conviction for two counts of felon in possession of a firearm in Case No. 2:09-cr-20185, the Court determines that the proposed Rule 404(b) evidence is admissible under controlling case law.  Because Jackson intends to assert a general denial defense, the proposed evidence is relevant to show his knowledge and intent and to show absence of mistake.  *See United States v. Banks*, 706 F.3d 901, 907 (8th Cir. 2013) (quoting *United States v. Hawkins*, 548 F.3d 1143, 1147 (8th Cir. 2008)); *United States v. Lindsey*, 702 F.3d 1092, 1099 (8th Cir. 2013) (quoting *United States v. Anthony*, 537 F.3d 863, 866 (8th Cir. 2008)) (noting that Rule 404(b) evidence is admissible when a defendant places his state of mind in issue by asserting a general denial defense).  Further, the Rule 404(b) evidence is similar in kind, *see Hawkins*, 548 F.3d at 1147 (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)) (noting the prior conviction need not involve the same illegal drug as the charged offense), and not overly remote in time, *see United States v. Gaddy*, 532 F.3d 783, 789–90 (8th Cir. 2008) (admitting prior convictions four, ten, and 11 years old as not too remote in time); *United States v. Halk*, 634 F.3d 482, 487–88 (8th Cir. 2011) (noting that the amount of time of incarceration between offenses is an important consideration when ruling on admissibility).  The Court will give a proposed limiting instruction to address any potential prejudice resulting from the introduction of such evidence, if requested.  *See Banks*, 706 F.3d at 907; *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009); *Gaddy*, 532 F.3d at 790.

As to the prior convictions for especially aggravated robbery in Case No. 04-05306; aggravated robbery in Case No. 05-01812; two counts of aggravated robbery in Case No. 05-01813; aggravated robbery in Case No. 05-01814; and aggravated robbery in Case No. 05-01815,

...

the Court excludes such evidence during the trial of this matter pursuant to Federal Rule of Evidence 403, determining that, although relevant pursuant to Rules 401 and 402, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 given all facts and circumstances in this case as stated by the Court on the record at the pretrial.

13. The government filed a motion to preclude Jackson from eliciting his own hearsay statements at trial and making improper arguments and statements (Dkt. No. 42). The Court heard argument from counsel for the government and Jackson. The Court grants the motion. Jackson may not attempt to elicit improper hearsay testimony in general and specifically is precluded from attempting to elicit improper hearsay testimony regarding Jackson's interview with law enforcement in this case (*Id.*, at 1-2). Further, neither Jackson's counsel nor counsel for the government may offer their opinions in opening statement, closing argument, or questioning of witnesses that witnesses are "liars" or have "lied." *(Id.*, at 3-4). Although counsel may make argument regarding credibility relying on the factors set forth in the Court's instruction regarding credibility, credibility determinations are reserved for the jury; counsel's opinions on those matters are irrelevant and inadmissible pursuant to Federal Rules of Evidence 401 and 402. *See United States v. Peyro*, 786 F.2d 826, 831 (8th Cir. 1986).

14. The government filed a motion to preclude Jackson from eliciting testimony and making improper arguments regarding the State of Arkansas's dismissal of charges related to the instant offense (Dkt. No. 47). The Court heard argument from counsel for the government and Jackson. The Court grants the motion and excludes such evidence, testimony, and argument pursuant to Federal Rules of Evidence 401, 402, and 403. *See United States v. Riley*, 684 F.2d 542, 546 (8th Cir. 1982); *United States v. Reed*, 641 F.3d 992, 993-94 (8th Cir. 2011). Further, the Court

excludes all evidence, testimony, and argument that misleads the jury into believing that jury nullification is appropriate or that invites the jury to employ it. *See United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983); *United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974).

15. This Court previously denied a motion to suppress (Dkt. No. 32). Although Jackson may appeal this Court's Order on the motion to suppress after the trial of this matter, if appropriate, Jackson may not reargue those issues involved in the motion to suppress to the Court or, more importantly, to the jury during the trial of this matter.

16. As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

It is so ordered this 8th day of December, 2025.

_____
Kristine G. Baker
Chief United States District Judge